UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SUNTREE MASTER HOMEOWNERS ASSOCIATION, INC.,**

      **Plaintiff,**

v.                                Case No: 6:21-cv-1889-WWB-GJK

**ELLIS S. FRISON, JR., LISA A. FRISON, and MARIAH A. FRISON,**

      **Defendants.**

_____

**REPORT AND RECOMMENDATION**[1]

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 13)
>
> **FILED:** January 18, 2022
>
> It is **RECOMMENDED** that the motion be **DENIED** and that this matter be **REMANDED**.

On November 10, 2021, Defendants filed a notice of removal, removing a

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

"Complaint for Lien Foreclosure and Monetary Damages," filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, to this Court. Doc. Nos. 1, 1-1. On January 18, 2022, Defendants filed a motion to proceed *in forma pauperis* (the "Motion"). Doc. No. 13.

The Local Rules of the United States District Court for the Middle District of Florida govern proceedings *in forma pauperis*. Under Local Rule 6.03(a), "The clerk must docket, assign, and submit to a judge for preliminary review a motion for leave to proceed *in forma pauperis*."

Defendants attach an "Affirmation of Financial Status" to the Motion, in which they state that they receive $6,685.00 per month in Social Security and disability benefits, own a home worth $525,000, and have $6,000 in cash in various accounts. Doc. No. 13-1 at 2-4. When assessing an individual's income and assets for the purpose of determining whether the individual is a pauper, courts in this District have considered receipt of Social Security and disability benefits. *See, e.g.*, *Trimble v. Volz*, Case No. 2:08-cv-417-JES-DNF, 2008 WL 4490181, at *3 (M.D. Fla. Sept. 30, 2008) (indicating that a court can consider "income from Social Security and other disability benefits" when determining whether the plaintiff is a pauper); *Miller v. U.S. Postal Serv.*, Case No. 8:13-CIV-952-EAK-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (considering plaintiff's receipt of disability payments in determining whether she was a pauper). Under no reasonable standard can

Defendants be considered paupers. *See Clayton v. Merge*, 2007 WL 846627, at *1 (M.D. Penn. Mar. 19, 2007) (given the assets available, payment of the filing fee would not be an undue hardship on the plaintiff or deprive her of life's necessities); *Thomas v. Chattahoochee Jud. Cir.*, No. 4:14-CV-9-CDL, 2014 WL 6956204, at *4 (M.D. Ga. Dec. 8, 2014) (on remand, finding plaintiffs did not establish that they were unable to pay court fees even though their monthly liabilities were approximately ten dollars less than their monthly income where their income was more than two times the federal poverty guidelines, they owned a house and car, and had credit cards and other established credit). However, even if Defendants were deemed paupers, they fail to demonstrate a basis for subject matter jurisdiction.

The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists and must present facts establishing the right to remove. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The case must be remanded if the removing party fails to meet this burden. *Id.* at 1321.

The notice of removal and the complaint fail to contain allegations providing a basis for federal jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (setting forth the bases for federal question and diversity jurisdiction in the federal district courts). The complaint is for lien foreclosure and monetary damages for Defendants' alleged failure to pay assessments levied against their property, but

Defendants fail to include documents establishing the amount of the assessments. Doc. No. 1-1. Although Plaintiff states that it is a not-for-profit corporation organized under the laws of Florida and located in Brevard County, there are no allegations in the complaint or notice of removal regarding Defendants' citizenship. Doc. No. 1; Doc. No. 1-1 at ¶ 6. Neither a federal question is alleged nor facts establishing diversity jurisdiction.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 13); and
2. **REMAND** this action to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

- 5 -

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on January 19, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties