UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTREE MASTER HOMEOWNERS
ASSOCIATION, INC.,

    Plaintiff,

v.                                                Case No. 6:21-cv-1889-WWB-GJK

ELLIS S. FRISON, JR., LISA A.
FRISON and MARIAH A. FRISON,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Proceed in Forma Pauperis (Doc. 13). United States Magistrate Judge David A. Baker issued a Report and Recommendation (Doc. 15), in which he recommends that Defendants' Motion to Proceed in Forma Pauperis be denied and the case be remanded. Defendants filed a timely Objection (Doc. 16). Also before the Court is Defendants' Motion for Reconsideration of Order Denying Motion to Amend Notice of Removal (Doc. 19), which will be treated as an objection to Magistrate Judge David A. Baker's February 4, 2022 Order (Doc. 18) denying Defendants' Motion to File Amended Notice of Removal.

**I.    LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's

report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

Likewise, parties may object to orders issued by magistrate judges on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The district judge must modify or vacate "any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) (citation and internal quotation marks omitted).

## II.   DISCUSSION

First, Defendants object to Magistrate Judge Baker's recommendation that the case be remanded for lack of subject matter jurisdiction. (Doc. 16 at 3–5). Defendants do not address diversity jurisdiction, rather they insist that removal is proper because federal questions must be addressed to resolve Plaintiff's claims. (Doc. Nos. 17, 17-1). Specifically, Defendants assert that Plaintiff's inspection violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, which is apparently their defense to the unpaid assessments at

the core of Plaintiff's claims. (Doc. 17-1 at 2). However, "it is . . . settled law that a case may *not* be removed to federal court on the basis of a federal defense[.]" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Thus, remand is proper because Plaintiff's complaint does not assert a federal question, and Defendants do not attempt to establish diversity jurisdiction.

Next, Defendants argue that Magistrate Judge Baker erred when he denied their Motion to File Amended Notice of Removal. Their motion was denied because they failed to comply with Local Rule 3.01(g). Defendants' Motion to Amend Notice of Removal (Doc. 17) plainly does not include a Certification as required by the Local Rule, and their status as pro se litigants does not excuse such failure. *Nelson v. Barden*, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) ("[B]oth the Supreme Court and this Court have concluded that a defendant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." (citation omitted)). Accordingly, because Magistrate Judge Baker's Order is neither clearly erroneous, nor contrary to the law, Defendants' objection will be overruled. Moreover, as set forth above, their amendment would be futile.

**III.   CONCLUSION**

Based on the foregoing, its **ORDERED** and **ADJUDGED** that:

1. Defendants' Motion for Reconsideration of Order Denying Motion to Amend Notice of Removal (Doc. 19), which is treated as an objection, and Defendants' Objection to the Report and Recommendation (Doc. 16) are **OVERRULED**.

2. Judge David A. Baker's February 4, 2022 Order (Doc. 18) is **AFFIRMED**.

3. The Report and Recommendation (Doc. 15) is **ADOPTED** and **CONFIRMED** and made a part of this Order to the extent consistent with that stated herein.

4. Defendants' Motion to Proceed in Forma Pauperis (Doc. 13) is **DENIED**.

5. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case Number 2021-CA-050744.

6. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on February 28, 2022.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
Clerk of the Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida

4